UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REHAN SHEIKH,<br><br>         Plaintiff,<br><br>    v.<br><br>BRIAN KELLY, ET AL.,<br><br>         Defendants. | No.  2:14-cv-0751 GEB AC PS<br><br><br>ORDER AND<br><br>FINDINGS & RECOMMENDATIONS |

    On August 13, 2014, the Court held a hearing on defendants' motion to dismiss, plaintiff's motion for judgment, and plaintiff's request to compel admissions.  Rehan Sheikh appeared in pro per.  Matthew Besmer appeared for defendants Brian Kelly, Secretary of the California State Transportation Agency, and Mark Tweety, "Manager of the California Department of Motor Vehicles ("DMV").  On review of the motions, the documents filed in support and opposition, upon hearing the argument of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

    On March 24, 2014, plaintiff initiated this suit pursuant to 42 U.S.C. § 1983 against Kelly and Tweety for their alleged refusal to renew plaintiff's driving license on three separate occasions without due process.  Plaintiff seeks declaratory relief that defendants violated his rights, injunctive relief in the form of an order directing defendants to renew his license, and a

permanent injunction enjoining defendants from enforcing "such policies and procedures as declared unconstitutional or burdensome by this Court."

Plaintiff first sought renewal of his driver's license at the DMV office in Stockton, California on January 4, 2012. His application, however, was denied after plaintiff was verbally informed that he had a "Failure to Appear" ("FTA") on his record. Plaintiff claims that the DMV refused to provide any further information regarding the FTA, such as when and where plaintiff failed to appear; did not issue a written notice stating the reason for denying plaintiff's driver's license renewal; and did not advise plaintiff of the availability of any remedial procedures. When plaintiff requested a pre-deprivation administration hearing, the DMV allegedly denied his request.

On February 29, 2012, plaintiff applied a second time for renewal of his driver's license at the Stockton DMV office. On this occasion, plaintiff's application was denied due to an unspecified "block" on his record. Again, plaintiff claims that the DMV did not issue a written notice stating the reason for denying plaintiff's driver's license renewal and did not advise plaintiff of the availability of any remedial procedures. When plaintiff requested a pre-deprivation administration hearing, the DMV denied his request and instead directed him to contact the DMV office in Sacramento. When plaintiff did so, he spoke to defendant Mark Tweety, who allegedly told plaintiff that "there is no Due Process available for denial of driving license." Compl. ¶ 17.

On March 23, 2012, plaintiff was contacted by Tweety and asked to come to the Sacramento DMV office to discuss the non-renewal of his driver's license. On March 27, 2012, plaintiff visited the Sacramento DMV Office only to learn that he would be unable to renew his license due to a police report that was filed. Plaintiff claims that he was not informed of the relevance of the report, was not issued a written notice stating the reason for the denial of his driver's license, and was not advised of the availability of any remedial procedures. When plaintiff requested a post-deprivation administrative hearing, his request was denied.

Now pending before the Court is defendants' May 7, 2014 motion to dismiss, which plaintiff opposes. Also pending are plaintiff's July 9, 2014 request to compel admission, ECF

2

No. 31; plaintiff's July 14, 2014 First Amended Complaint, ECF No. 32; and plaintiff's July 14, 2014 Motion for Judgment, ECF No. 33.

## DISCUSSION

A.  Plaintiff's First Amended Complaint

The Court turns first to the propriety of plaintiff July 14, 2014 First Amended Complaint. ECF No. 32.  Because defendants filed their motion to dismiss on May 7, 2014—more than 21 days before plaintiff's amended pleading was filed—plaintiff may not amend without either the defendants' written consent or the court's leave.  Fed. R. Civ. P. 15(a)(2).  Here, there is no indication that plaintiff obtained the defendants' written consent before filing the amended pleading, and the docket does not indicate that a motion to amend was ever filed by plaintiff. Accordingly, the First Amended Complaint will be stricken.

B.  Plaintiff's Request to Compel Admission

The Court next considers plaintiff's July 9, 2014 request to compel admission re clarification on alleged failure to appear.  ECF No. 31.  This request is properly construed as a Request for Admission directed to defendants pursuant to Federal Rule of Civil Procedure 36. Plaintiff is hereby informed that neither discovery requests served on an opposing party nor that party's responses should be filed until such time as a party becomes dissatisfied with a response and seeks relief from the court pursuant to the Federal Rules of Civil Procedure.  Discovery requests between the parties shall not be filed with the court unless, and until, they are at issue. Here, plaintiff asserts that he has submitted his Request for Admissions to defendants and is awaiting a response.  See Pl.'s Memo. P. & A. at 10 ¶ 12.  As there does not appear to be a dispute concerning defendants' responses at this time, plaintiff's request to compel admissions will be denied.[1]

C.  Plaintiff's July 14, 2014 Motion for Judgment

Lastly, the Court considers plaintiff's July 14, 2014 motion for judgment.  ECF No. 33.

---

[1] Furthermore, discovery generally does not commence until the parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f), which does not appear to have occurred yet in this case.  See Fed. R. Civ. P. 26(d)(1), (f).

1   At the hearing on this motion, plaintiff asserted that it was mistakenly titled a motion for
2   judgment and should have instead been titled "Request for Declaratory and Injunctive Relief."
3   Modifying the title of the document does not alter the nature of relief that plaintiff seeks, which is
4   essentially the same declaratory and injunctive relief as set forth in the complaint.  The Court
5   therefore construes this motion as a motion for summary judgment, which should be denied as
6   premature since the pleadings have not yet closed.

D.   Defendants' Motion to Dismiss

The Court now turns to defendants' May 7, 2014 motion to dismiss, in which defendants seek dismissal of plaintiff's Fourteenth Amendment due process claim on the grounds that this matter is moot, plaintiff lacks standing, and plaintiff fails to state a claim.  Because the Court finds dismissal proper for failure to state a claim, the Court declines to consider defendants' alternative arguments that this claim is moot and plaintiff lacks standing.

1.   Legal Standards

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

The court may consider facts established by exhibits attached to the complaint.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388

1  (9th Cir. 1987), and matters of public record, including pleadings, orders, and other papers filed
2  with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).  The
3  court need not accept legal conclusions "cast in the form of factual allegations."  Western Mining
4  Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

   2.  Analysis

6  The essence of plaintiff's claim is that he was not provided with a proper notice and
7  hearing before or after the DMV denied the renewal of his driver's license, in violation of his due
8  process rights.  As noted, plaintiff seeks declaratory relief that defendants violated his rights,
9  injunctive relief in the form of an order directing defendants to renew his license, and a
10 permanent injunction enjoining defendants from enforcing "such policies and procedures as
11 declared unconstitutional or burdensome by this Court."

12 "It is clear that the Due Process Clause applies to the deprivation of a driver's license by
13 the State[,]" and that "'licenses are not to be taken away without that procedural due process
14 required by the Fourteenth Amendment.'"  Dixon v. Love, 431 U.S. 105, 112 (1977) (quoting
15 Bell v. Burson, 402 U.S. 535, 539 (1971)).  See also Mackey v. Montrym, 443 U.S. 1, 10, n.7
16 (1979).  "The fundamental requisite of due process of law is the opportunity to be heard."
17 Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).  See also Ford v.
18 Wainwright, 477 U.S. 399, 413 (1986).  Thus, "[a]n elementary and fundamental requirement of
19 due process in any proceeding which is to be accorded finality is notice reasonably calculated,
20 under all the circumstances, to apprise interested parties of the pendency of the action and afford
21 them an opportunity to present their objections."  Mullane, 339 U.S. at 314.  See also Tulsa Prof'l
22 Collection Servs., Inc. v. Pope, 485 U.S. 478, 484 (1988).

23 To determine whether an administrative process is constitutionally deficient, courts must
24 consider three distinct factors: (1) the private interest affected by the official action; (2) the risk of
25 erroneous deprivation through the procedures used and the value of additional procedures; and (3)
26 the government's interest, including the function involved and the burdens that additional
27 procedural requirements would entail.  Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

28 Pursuant to California Vehicle Code § 40508, a person who fails to appear in court or pay

a fine associated with a traffic violation is guilty of a misdemeanor.  Once a FTA or FTP has been noted, California Vehicle Code § 40509.5 authorizes the court to provide notice to the DMV.  On receipt of this notice, the DMV is then authorized to suspend the person's driver's license summarily.  See Cal. Veh. Code § 13365(a).  "A suspension under [§ 13365] shall not be effective before a date 60 days after the date of receipt, by the department, of the notice given specified in subdivision (a), and the notice of suspension shall not be mailed by the department before a date 30 days after receipt of the notice given specified in subdivision (a).  [¶]  The suspension shall continue until the suspended person's driving record does not contain any notification of a violation of subdivision (a) or (b) of Section 40508."  Id. § 13365(b).

Additionally, pursuant to California Vehicle Code § 21061, a traffic officer "may issue a notice of reexamination to any person . . .  who, at the time of the violation, exhibits evidence of incapacity to the traffic officer which leads the traffic officer to reasonably believe that the person is incapable of operating a motor vehicle in a manner so as not to present a clear or potential danger of risk of injury to that person or others if that person is permitted to resume operation of a motor vehicle."  Section 12819 of the Vehicle Code then provides that "[u]nless the person issued the notice of reexamination requests the reexamination pursuant to Section 12818 within five working days after the department receives the notice of reexamination transmitted pursuant to Section 21062, the department shall peremptorily suspend the driving privilege of the person until the person has completed the reexamination and the department has taken the action prescribed in subdivision (b) of Section 12818."  Cal. Veh. Code § 12819.  After completing the reexamination, the DMV may remove the suspension or continue the suspension, revoke the license, or issue a restricted license.  Cal. Veh. Code § 12818(b)(1)-(2).  At that point, a driver is provided with his legal rights, including the right to a hearing.

Plaintiff first asserts that his due process rights were violated because he did not receive notice of the license suspensions or the reasons therefor.  To satisfy the due process notice requirement, California law requires the DMV to provide first-class mail notice to an individual's most recent address reported to the DMV when a driver's license is suspended.  Cal. Veh. Code § 13106(a).  See generally Banks v. Dep't of Motor Vehicles for Cal., 419 F. Supp. 2d 1186, 1195

(C.D. Cal. 2006). Here, plaintiff admitted both at the hearing on the instant motion and in related documents that he did in fact receive written notices of the denials of his applications for license renewal and reexamination; his only argument is that the notices were "anonymous." See, e.g., ECF No. 34 at 1, 9 n.4-5. There is no requirement that a notice must be sent from a particular individual in order to comport with due process. Accordingly, to the extent plaintiff seeks declaratory or injunctive relief for defendants' alleged failure to provide him notice, this claim fails and must be dismissed without leave to amend.

Plaintiff also asserts that defendants violated his due process rights when they denied his requests for a pre- and post-deprivation hearing with regard to his FTA, FTP and Notice for Reexamination. Turning first to the suspensions based on the FTA or FTP, the Legislature in California has provided no procedures for drivers to challenge a suspension for a FTA or FTP through an administrative hearing either before or after the DMV suspends a driver's license. Thus, the question becomes whether this process is constitutionally deficient. It is by now well established that "'due process,' unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances." Cafeteria & Restaurant Workers v. McElroy, 367 U.S. 886, 895. "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." Morrissey v. Brewer, 408 U.S. 471, 481 (1972).

In People v. Bailey, 133 Cal. App. 3d Supp. 12 (1982), the California appellate court was asked to determine whether the DMV was required to provide a driver with a hearing when suspending the driver's license for a FTA. As the court there held, "[i]t would be a legal absurdity to require the Department of Motor Vehicles to grant a hearing on the question of whether a person did in fact violate his written promise to appear on a traffic citation, when the court where appearance was required has already made such a finding." 133 Cal. App. 3d Supp. at 15. Per Bailey, "[i]f the defaulting citee has a valid excuse for his nonappearance, the place to submit his explanation is in the court, not before the department." Id.

The same reasoning applies here. Because plaintiff is entitled to challenge the FTA or FTP in the court issuing the notices in the first instance, there is simply no due process requirement that plaintiff also be afforded an administrative hearing before the DMV to contest a

1  suspension based on a FTA or FTP.  As noted by the <u>Bailey</u> court, plaintiff is not denied a
2  "meaningful" opportunity to contest the FTA or FTP.  See <u>Bell</u>, 402 U.S. at 541-42.
3  Furthermore, the risk of erroneous deprivation is low, and the government's interest in giving
4  teeth to a driver's promise to appear in court and/or pay a fine for a traffic citation is high.  See
5  <u>Mathews</u>, 424 U.S. at 335.

6       A suspension for a Notice for Priority Reexamination differs from a suspension for a FTA
7  or FTP in that, after a driver submits to a Reexamination and the DMV determines that a license
8  shall be suspended, the driver is provided a hearing to challenge the DMV's final determination.
9  Plaintiff contests this procedure, arguing that he should be given an opportunity to challenge the
10 need for the reexamination before it occurs.  This argument is foreclosed by <u>Dixon</u>, 431 U.S. 105.
11 That case involved the constitutional adequacy of procedures for suspending or revoking the
12 Illinois license of a driver with repeated convictions of traffic offenses.  A license could be
13 administratively suspended or revoked without a prior hearing if the driver had accumulated
14 enough convictions of a specified seriousness.  <u>Id.</u> at 107-10.  Since the licensee was entitled to
15 an administrative hearing after suspension or revocation, "[t]he only question" in <u>Dixon</u> was "one
16 of timing" of the hearing.  <u>Id.</u> at 112.  The Court stated: "This case thus presents an issue similar
17 to that considered only last Term in <u>Mathews v. Eldridge</u>, 424 U.S. 319, 333 (1976), namely, 'the
18 extent to which due process requires an evidentiary hearing prior to the deprivation of some type
19 of property interest even if such a hearing is provided thereafter.'"  <u>Id.</u>  The Court proceeded to
20 employ the <u>Mathews</u> balancing test in concluding that the administrative procedure was
21 constitutional.  <u>Id.</u> at 112-15.  The Court noted: "The present case is a good illustration of the fact
22 that procedural due process in the administrative setting does not always require application of
23 the judicial model."  <u>Id.</u> at 115.  Here, since plaintiff is provided an administrative hearing after a
24 final determination of suspension, plaintiff is provided with all the due process that is required.
25 See <u>id.</u>

26      In addition to the foregoing, the Court finds that plaintiff's claims against the individual
27 defendants fail.  Though plaintiff identifies Kelly as responsible for all of the California State
28 Transportation Agency's "functions including but not limited to renewal of plaintiff's driving

1  license," this sort of vague and conclusory statement fails to meet the pleading requirements of
2  Federal Rule of Civil Procedure 8.  As to Tweety, plaintiff claims only that this defendant said
3  "there is no Due Process available for denial of driving license."  There is no constitutional
4  violation on these facts.  Accordingly, plaintiff's claims should be dismissed against these
5  defendants.
6      Moreover, insofar as plaintiff seeks relief for unconstitutional policies and procedures, the
7  Court agrees with defendants that this claim is subject to dismissal for vagueness because plaintiff
8  has failed to identify any policies or procedures that would give defendants or this Court notice of
9  his claim.  Additionally, plaintiff is not entitled to an injunction because he has not shown that he
10  will suffer irreparable harm unless an injunction is issued.
11      Based on the foregoing, IT IS HEREBY ORDERED that:
12      1.  Plaintiff's First Amended Complaint (ECF No. 32) is stricken;
13      2.  Plaintiff's Request to Compel Admission (ECF No. 31) and Motion in Support of
14          Request for Admission (ECF No. 42) are denied; and
15      IT IS HEREBY RECOMMENDED that:
16      3.  Plaintiff's Motion for Judgment (ECF No. 33) be denied as premature; and
17      4.  Defendants' Motion to Dismiss (ECF No. 20) be granted without leave to amend.
18      These findings and recommendations are submitted to the United States District Judge
19  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
20  after being served with these findings and recommendations, any party may file written
21  objections with the court and serve a copy on all parties.  Such a document should be captioned
22  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
23  within the specified time may waive the right to appeal the District Court's order.  Turner
24  v.Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir.
25  1991).
26  DATED: August 22, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

9